## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BACKGRID, USA, INC.,

                Plaintiff,

        v.

COX MEDIA GROUP, LLC, and COX
RADIO, INC.,

                Defendants.

Civil Action No. 1:19-cv-03270-ELR

## DEFENDANTS' INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) and LR 26.1(B)(1),

Defendants Cox Media Group, LLC and Cox Radio, Inc. ("Defendants") make the

following initial disclosures.  These disclosures are made prior to discovery, after

making a good faith inquiry and investigation as is reasonable under the

circumstances.  This investigation is continuing, and Defendants reserve the right

to correct and/or supplement these disclosures pursuant to Rule 26(e) should they

become aware of additional relevant information.

By making the following initial disclosures, Defendants do not represent that

they are identifying every fact, document, tangible thing, witness, statute, or case

relevant to this lawsuit.  In addition, Defendants do not waive their right to object

to any discovery request or proceeding involving or relating to these disclosures on any grounds, including competency, privilege, the work product doctrine, relevance, hearsay, materiality, undue burden, or any other valid objection. Furthermore, these disclosures are not an admission by Defendants regarding any matter. All of the disclosures set forth below are made subject to the above qualifications.

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendants' names are correctly identified, although Defendants deny the allegations in the Complaint.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

At this time, Defendants are currently unaware of any necessary parties to this action who have not been named by Plaintiff, and Defendants do not contend that there has been a misjoinder of parties.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Plaintiff's Complaint claims copyright infringement based on photographs that allegedly appeared on websites owned and operated by Defendants.

Defendants have denied the material allegations in the Complaint and have asserted various defenses.  At this time, Defendants have not asserted any counterclaims or crossclaims.

Plaintiff's claims are based on purported copyright rights in certain photographs, for which Plaintiff has attached copyright registrations and applications to its Complaint, but a number of the registrations do not identify Plaintiff as the copyright claimant.  Defendants will assert as a defense to some or all of Plaintiff's claims that Plaintiff does not own valid copyright rights in some or all of the works at issue, on the basis that one or more of the works lack sufficient originality for copyright protection and/or there has not been a valid transfer to Plaintiff of the claimed copyright rights.

Defendants' defenses to Plaintiff's claims also include fair use and protection under the First Amendment of the United States, given the highly factual nature of the photographs at issue and Defendants' role in news reporting.

Defendants also deny Plaintiff's claims that some or all of the alleged infringements by Defendants are willful.  Plaintiff argues that the alleged use of photographs on Cox's website was willful infringement based on (a) a January 11, 2018 demand letter that Plaintiff sent through an agent to Defendants' parent entity Cox Enterprises, Inc. (collectively, with Defendants, referred to as "Cox"), and (b) a confidential settlement of a prior dispute between Cox and a predecessor of

Plaintiff.  However, prior to Plaintiff filing this lawsuit, Cox had already removed all of the uses identified in Plaintiff's January 11, 2018 letter.  And it is Cox's understanding that the referenced prior confidential settlement was between Cox and a different party, relating to completely different photographs not at issue here.  (Cox believes that it has not admitted liability or wrongdoing in any such settlement agreement; Plaintiff has not to date specified the agreement that it is referencing.)

Discovery has not yet been conducted and investigation is ongoing, and Defendants reserve all of their defenses and will fully explore the factual basis of all available defenses through discovery and further fact gathering, including the following:

a.  Plaintiff's claims are barred by the safe harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

b.  Plaintiff's claims are barred by the doctrine of acquiescence.

c.  Plaintiff's claims are barred by the doctrine of equitable estoppel.

d.  Plaintiff's claims are barred by the doctrine of waiver.

e.  Plaintiff's claims are barred by the doctrine of copyright misuse.

**(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**<u>Statutes:</u>**

a.   U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq.*, including but not limited to provisions regarding copyright validity, fair use, the Digital Millennium Copyright Act, and remedies for copyright infringement.

**Illustrative Case Law:**

a.   *Custom Dynamics, LLC v. Radiantz LED Lighting, Inc.*, 535 F. Supp. 2d 542 (E.D.N.C. 2008).

b.   *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F. Supp. 2d 542, (S.D.N.Y. 2001).

c.   *Pohl v. MH SUB I, LLC*, No. 18-13233, 2019 WL 1950003 (11th Cir. May 1, 2019).

d.   *Barcroft Media, Ltd. v. Coed Media Group, LLC*, 287 F. Supp. 3d 339 (S.D.N.Y. 2017).

e.   *FameFlynet, Inc. v. Shoshanna Collection, LLC,* 282 F. Supp. 3d 618 (S.D.N.Y. 2017).

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

**Attachment A** lists the individuals likely to have discoverable information that Defendants may use to support its defenses.  Defendants' disclosure of these individuals is made prior to discovery in this civil action; accordingly, Defendants

have not yet identified all individuals likely to have discoverable information that Defendants may use to support its defenses, and Defendants will amend or supplement these disclosures should Defendants subsequently become aware of additional individuals.

**(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Defendants have not yet identified any individuals they expect to present expert testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendants will supplement these disclosures should they become aware of individuals they expect to present expert testimony.

**(7)     Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**Attachment C** lists, by category and location, the documents in Defendants' position, custody, or control that they may use in support of their defenses. Defendants' disclosure of these documents is made prior to discovery in this civil action; accordingly, Defendants have not yet identified all documents in their possession, custody, or control that Defendants may use to support their defenses.

In fact, Defendant anticipates that many of the documents it may use to support its claims or defenses are within the possession, custody, or control of Plaintiff or third parties.  These documents include, but are not limited to, (a) documents related to the creation of the photographs at issue, (b) purported assignments of copyright in the photographs at issue, (c) documents related to registration of the alleged copyrights in the photographs at issue, (d) documents relating to the licensing of the photographs at issue, and (e) documents related to Plaintiff's licensing practices.  Defendants will amend or supplement these disclosures should they subsequently become aware of additional documents that they may use to support their defenses.

**(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

At this time, Defendants have not made a claim for damages.

**(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

At this time, Defendants do not contend that some other person or legal entity is, in whole or in part, liable to Plaintiff or Defendants in this matter.

**(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Defendants will provide a copy of an applicable insurance policy or policies, if any, upon the entry of a mutually-agreeable protective order.

Submitted this 1st day of October, 2019.

**KILPATRICK TOWNSEND & STOCKTON LLP**

/s/ James A. Trigg
James A Trigg, Ga. Bar No. 716285
Allison Scott Roach, Ga. Bar No. 072508
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Defendants*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2019, the foregoing DEFENDANTS'

INITIAL DISCLOSURES was electronically filed with the Clerk of Court using

the CM/ECF system, which will automatically send email notification of such

filing to the following attorney of record.

| | |
|---|---|
| Eileen Hintz Rumfelt | Brian K. Brookey |
| eileen.rumfelt@millermartin.com | brian. brookey@tuckerellis.com |
| 1180 W Peachtree Street, NW | Steven E. Lauridsen |
| Suite 2100 | steven.lauridsen@tuckerellis.com |
| Atlanta, GA 30309 | Tucker Ellis LLP |
| | 515 South Flower Street |
| | Forty-Second Floor |
| | Los Angeles, CA 90071 |

*/s/ James A. Trigg*
James A. Trigg